SEALED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. SA: 12-CR-359 OG |
| § | |
| VIRGINIA RICARTE-JONES, (5), § | |
| § | |
| Defendant. § | |

## PLEA AGREEMENT

The United States of America, by and through Bettina J. Richardson, Assistant United States Attorney for the Western District of Texas (hereinafter referred to as "the Government"), and Defendant VIRGINIA RICARTE-JONES (hereinafter referred to as "Defendant"), individually and by and through Richard Langlois, Attorney for the Defendant, hereby enter into the following plea agreement in the above-referenced cause pursuant to Rule 11(c)(1), Fed. R. Crim. P.:

**1. Defendant's Agreement to plead Guilty:**

Defendant, VIRGINIA RICARTE-JONES, agrees to plead guilty to Count EIGHT of the Indictment in this case, which charges the Defendant with the crime of False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

**2. Punishment to be Imposed:**

The Defendant understands the sentence imposed in this case will be determined by the Court in accordance with Title 18 U.S.C. § 3553(a) as construed by the United States Supreme Court in its January 12, 2005 decisions in United States v. Booker and United States v. Fanfan.

The Sentencing Guidelines are now considered advisory. The Defendant stipulates no person has specifically promised what sentence she will receive. The Defendant fully understands the punishment which may be imposed for the crimes to which she is pleading guilty is:

(1) a maximum term of imprisonment of five (5) years;
(2) a maximum fine of $250,000.00;
(3) a maximum term of supervised release of three (3) years; and
(4) a mandatory $100.00 special assessment pursuant to the Victims of Crimes Act.

Defendant understands and acknowledges the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for this offense. The Defendant acknowledges she has discussed this range of punishment and penalties with her attorney, and still wants to plead guilty in this case.

### 3. Factual Basis for Plea

1. On the 31st of December, 2011, the Defendant, Virginia RICARTE-JONES, purchased the following firearms from Action Pawn #10:

   a. Romarm/Cugir WASR 10 7.62x39 rifle, bearing serial number 1973EMI551.
   b. Romarm/Cugir WASR 10 7.62x39 rifle, bearing serial number AF-3386-1989.

2. On the 31st of December, 2011, as part of the purchasing process, RICARTE-JONES completed ATF form 4473 at Action Pawn #10, answering in the affirmative to question # 11(a), "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: you are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you," when in truth and fact she was NOT, and knew she was not, the actual purchaser of the firearms.

3. On the 3rd of January, 2012, RICARTE-JONES purchased the following firearm from Action Pawn #6:

   a. Norinco 386 Hunter 7.62x39 rifle, bearing serial number 132252.

4. On the 3rd of January, 2012, as part of the purchasing process, RICARTE-JONES completed ATF form 4473 at Action Pawn #6, answering in the affirmative to question # 11(a), "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: you are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you," when in truth and fact she was NOT, and knew she was not, the actual purchaser of the firearm.

5.    On the 3rd of January, 2012, RICARTE-JONES purchased the following firearm from Action Pawn #11:

   a.   Romarm/Cugir GPWASR10/63 7.62x39 rifle, bearing serial number 1970BU0558.

6.    On the 3rd of January, 2012, as part of the purchasing process, RICARTE-JONES completed ATF form 4473 at Action Pawn #10, answering in the affirmative to question # 11(a), "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: you are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you," when in truth and fact she was NOT, and knew she was not, the actual purchaser of the firearm.

7.    On February 14, 2012, Special Agent Darby Wheeler, with Bureau of Alcohol, Tobacco, Firearms and Explosives, and Special Agent Mark Gonzalez, with Homeland Security Investigations, interviewed RICARTE-JONES regarding her purchase of two firearms on December 31, 2011.

8.    RICARTE-JONES admitted to purchasing the firearms on behalf of her cousin, Jose RICARTE. RICARTE-JONES told agents she was compensated $100.00 per firearm after she knowingly lied on ATF form 4473 by indicating the firearms were being purchased for herself.

9.    During her interviews with federal agents, RICARTE-JONES stated that J. RICARTE drove her to each gun store, provided her the money for purchasing the firearms, and indicated which guns in the shop she was to purchase. RICARTE-JONES stated she knew it was wrong to indicate on the ATF form 4473 that the firearms were for her. She also stated that, after the purchase on December 31, 2011, J. RICARTE drove across the street and met a Hispanic male named "Eddie." Another Hispanic male was present as well. RICARTE-JONES observed J. RICARTE transfer the assault rifles to Eddie. When J. RICARTE returned to his vehicle he gave RICARTE-JONES $200.00. Following the purchases on January 3, 2012, J. RICARTE again took possession of the assault rifles and again transferred them to other individuals. RICARTE-JONES further stated that J. RICARTE told her these men were buying a lot of guns and taking them to Mexico.

10.   On February 28, 2012, Special Agent Chris Benavides, with Bureau of Alcohol, Tobacco, Firearms and Explosives, and Special Agent Mark Gonzalez, with Homeland Security Investigations, conducted a follow-up interview with RICARTE-JONES after discovering that she had purchased two additional rifles on January 3, 2012.

11.   RICARTE-JONES stated she believed the "Eddie" whom J. RICARTE gave the first two firearms to was Eddie RAMOS, who is married into her family by way of a cousin. She then identified J. RICARTE from a six person photo lineup as the person for whom she purchased all four rifles.

12.   The acts described above took place in the Western District of Texas.

**4. Defendant's Waiver of Right to Appeal or Challenge Sentence:**

The Defendant is aware her sentence may be up to the maximum authorized by statute for this offense. She is also aware the sentence to be imposed does not provide for parole. By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal her sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The Defendant also voluntarily and knowingly waives her right to contest the ultimate sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive her right to challenge her sentence to the extent it is the result of a violation of her constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

The Defendant waives her rights to challenge the sentence imposed, knowing her sentence has not yet been determined by the Court. The Defendant is aware that any estimate of the sentencing range she may receive from her counsel, the Government or the Probation Office, is not a promise, did not induce her guilty plea or waiver, and does not bind the Government, the Probation Office, or the Court. In other words, the Defendant understands she cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by her attorney, the attorney for the Government or the Probation Officer. Realizing the uncertainty in estimating what sentence she will ultimately receive, the Defendant knowingly and voluntarily waives her right to appeal the sentence or to contest it in any post-

conviction proceeding in exchange for the concessions made by the Government in this Agreement, except as otherwise provided herein.

**5. Defendant's Acknowledgement of Effective Assistance of Counsel:**

The Defendant acknowledges she has reviewed the merits of the charges and all possible defenses she may have with her attorney, including, but not limited to, the right to file motions with the Court. The Defendant acknowledges she has had sufficient time to consult with her attorney on such matters and all possible defenses she may have. Further, by signing this Plea Agreement, the defendant acknowledges she believes she has received effective assistance of counsel, and she has had sufficient time to consult with her counsel regarding this plea agreement and the punishment which may be imposed.

The Defendant voluntarily and knowingly waives her right to file pretrial motions, to have a hearing on any such pretrial motion, previously filed or otherwise, and to have a trial on the charges brought against her in this case.

**6. Government's Agreement**

The Defendant agrees to plead guilty to COUNTS EIGHT, NINE, TEN and ELEVEN of the Indictment. The Parties further note, pursuant to the provisions of Rule 11(c)(1)(B):

>   (A) the Government agrees not to oppose a maximum level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the advisory Sentencing Guidelines;
>
>   (B) the Government agrees not to oppose the Defendant's request that she be sentenced at the low end of the range for the advisory sentencing guidelines as calculated by the United States Probation officer;
>
>   (C) notwithstanding the facts of this case, in consideration of the Defendant's past and future cooperation, as well as the prompt and efficient resolution of her case, the Government does not oppose the Defendant's request that she NOT be subject to a four (4) level increase as referenced in Section 2K2.1(b)(5) or a four (4) level increase as referenced in Section 2K2.1(b)(6)(B); and

        (D) following sentencing, the Government agrees to dismiss the remaining counts naming this Defendant.

The Defendant understands the Court is not obligated to grant the 11(c)(1)(B) recommendations contained in the immediately preceding paragraphs. The Defendant further understands it is within the complete discretion of the Court as to the sentence to be imposed on the Defendant. The Defendant will not be permitted to withdraw her agreement to plead guilty because of the Court's decision in imposing such a sentence. Moreover, the Government reserves the right to advocate in support of the Court's judgment should this case be presented to an appellate court.

Except as expressly stated above, the Defendant and the Government have made no other Rule 11(c)(1)(B) recommendations as to the applicability or inapplicability of any other advisory sentencing guideline provisions, policy statements or sentencing factors; provided, however, the Government retains all rights to oppose any request for any downward adjustment in the offense level, except as expressly set forth in the immediately preceding sub-paragraphs.

The Defendant understands and agrees nothing in this Plea Agreement shall prohibit the Government from presenting all relevant facts, information and evidence to the United States Probation Office and to the Court. The Defendant understands and agrees, pursuant to U.S.S.G. §6B1.4(d), the District Court may reject any of these Rule11(c)(1)(B) sentencing recommendations in whole or in part. In the event the District Court rejects any Rule 11(c)(1)(B) sentencing recommendation, the Defendant and the United States Attorney shall remain bound by all other terms of this plea agreement.

To the extent the parties have projected sentencing ranges in reliance on the above projections, such estimations are not binding on the parties, on the United States Probation

Office, or on the District Court. The Defendant will not be permitted to withdraw her guilty plea if the sentencing ranges as determined by the District Court differ from those projected by the parties or by the Probation Office.

### 7. Reservation of Rights

The Government and Defendant each reserve the right to: (1) bring its version of the facts of this case to the attention of the probation office in connection with that Office's preparation of a presentence report; (2) dispute sentencing factors or facts material to sentencing in the presentence report; and (3) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office. All parties reserve full right of allocution as to the appropriate sentence the Defendant should receive, unless otherwise provided above.

Defendant further understands this agreement binds only the United States Attorney's Office for the Western District of Texas and the Defendant. The Defendant acknowledges her full understanding that by this plea agreement, no representations or agreements have been made or entered into with any other United States Attorney or any other federal or state prosecutor concerning other pending or possible offenses or charges.

This written plea agreement constitutes the entire agreement between the parties and shall not be modified except by agreement in open court or in a supplemental plea agreement signed by all the parties.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

DATE: 09/10, 2012        BY: _____
                              BETTINA J. RICHARDSON
                              Assistant United States Attorney


DATE: 9-7-, 2012              _____
                              RICHARD LANGLOIS
                              Attorney for the Defendant


I HAVE READ (OR HAD READ TO ME) THE ABOVE PLEA AGREEMENT IN ITS ENTIRETY AND AGREE TO THE TERMS SET FORTH IN IT. ADDITIONALLY, I HAVE READ (OR HAD READ TO ME) THE FACTUAL BASIS CONTAINED HEREIN AND AGREE TO THE FACTS SET FORTH IN THE FACTUAL BASIS.

DATE: 9-7, 2012              _____
                              VIRGINIA RICARTE-JONES
                              Defendant