IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. SA: 12-CR-359 OG |
| PABLO HERNANDEZ-RAMOS, (6), | § § § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Bettina J. Richardson, Assistant United States Attorney for the Western District of Texas (hereinafter referred to as "the Government"), and Defendant PABLO HERNANDEZ-RAMOS (hereinafter referred to as "Defendant"), individually and by and through Jeffrey Mulliner, Attorney for the Defendant, hereby enter into the following plea agreement in the above-referenced cause pursuant to Rule 11(c)(1), Fed. R. Crim. P.:

### 1. Defendant's Agreement to plead Guilty:

Defendant, PABLO HERNANDEZ-RAMOS, agrees to plead guilty to Count TWELVE of the Indictment in this case, which charges the Defendant with the crime of False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Section 924(a)(1)(A).

### 2. Punishment to be Imposed:

The Defendant understands the sentence imposed in this case will be determined by the Court in accordance with Title 18 U.S.C. § 3553(a) as construed by the United States Supreme Court in its January 12, 2005 decisions in United States v. Booker and United States v. Fanfan.

1

The Sentencing Guidelines are now considered advisory. The Defendant stipulates no person has specifically promised what sentence he will receive. The Defendant fully understands the punishment which may be imposed for the crimes to which he is pleading guilty is:

    (1)    a maximum term of imprisonment of five (5) years;
    (2)    a maximum fine of $250,000.00;
    (3)    a maximum term of supervised release of three (3) years; and
    (4)    a mandatory $100.00 special assessment pursuant to the Victims of Crimes Act.

Defendant understands and acknowledges the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for this offense. The Defendant acknowledges he has discussed this range of punishment and penalties with his attorney, and still wants to plead guilty in this case.

### 3. Factual Basis for Plea

1.    On the 23rd of January, 2012, the Defendant, Pablo HERNANDEZ-RAMOS, purchased the following firearms from Texas Guns, San Antonio, Texas:

    a.    Romanian WASR 10 7.62x39 rifle, bearing serial number 1973EV3944.
    b.    Romanian WASR 10 7.62x39 rifle, bearing serial number 1973EUU4S11.

2.    On the 23rd of January, 2012, as part of the purchasing process, HERNANDEZ-RAMOS completed ATF form 4473 at Texas Guns, answering in the affirmative to question # 11(a), "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: you are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you," when in truth and fact he was NOT, and knew he was not, the actual purchaser of the firearms.

3.    On the 23rd of January, 2012, Eddie RAMOS, the son of HERNANDEZ-RAMOS, provided HERNANDEZ-RAMOS $1,200 in U.S. currency to purchase the firearms, instructed HERNANDEZ-RAMOS on the type of firearms to purchase, and took possession of the firearms following their acquisition.

4.    On April 17, 2012, Special Agent Alberto Espinosa, with Bureau of Alcohol, Tobacco, Firearms and Explosives, and Special Agent Bryan Wade, with Homeland Security Investigations, interviewed HERNANDEZ-RAMOS regarding his purchase of the two assault rifles. During the interview, HERNANDEZ-RAMOS admitted he purchased the firearms on behalf of his son, Eddie RAMOS, who he knew to be a convicted felon.

5. During his interview with federal agents, HERNANDEZ-RAMOS stated, on January 23, 2012, E. RAMOS came to HERNANDEZ-RAMOS' residence and asked him to buy a couple of AK-47 rifles for him. HERNANDEZ-RAMOS agreed. E. RAMOS instructed his father to drive to Texas Guns. E. RAMOS followed. Once they arrived at the gun store, E. RAMOS gave HERNANDEZ-RAMOS money to purchase the firearms. HERNANDEZ-RAMOS entered the store, filled out the requisite ATF form 4473, and purchased the two rifles. HERNANDEZ-RAMOS was then instructed by E. RAMOS to drive to a different location to drop off the weapons.

6. When HERNANDEZ-RAMOS arrived at the second location, a male and a female in a black Chevrolet SUV parked next to him. The female exited the vehicle and retrieved the firearms. The female paid HERNANDEZ-RAMOS $200, placed the firearms in the black SUV, and left the area.

7. HERNANDEZ-RAMOS identified the ATF form 4473 that he filled out to purchase the firearms. He also signed a written statement.

8. The acts described above took place in the Western District of Texas.

**4. Defendant's Waiver of Right to Appeal or Challenge Sentence:**

The Defendant is aware his sentence may be up to the maximum authorized by statute for this offense. He is also aware the sentence to be imposed does not provide for parole. By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The Defendant also voluntarily and knowingly waives his right to contest the ultimate sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive his right to challenge his sentence to the extent it is the result of a violation of his constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

The Defendant waives his rights to challenge the sentence imposed, knowing his sentence has not yet been determined by the Court. The Defendant is aware that any estimate of the sentencing range he may receive from his counsel, the Government or the Probation Office, is not a promise, did not induce his guilty plea or waiver, and does not bind the Government, the Probation Office, or the Court. In other words, the Defendant understands he cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by his attorney, the attorney for the Government or the Probation Officer. Realizing the uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly and voluntarily waives his right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this Agreement, except as otherwise provided herein.

**5. Defendant's Acknowledgement of Effective Assistance of Counsel:**

The Defendant acknowledges he has reviewed the merits of the charges and all possible defenses he may have with his attorney, including, but not limited to, the right to file motions with the Court. The Defendant acknowledges he has had sufficient time to consult with his attorney on such matters and all possible defenses he may have. Further, by signing this Plea Agreement, the defendant acknowledges he believes he has received effective assistance of counsel, and he has had sufficient time to consult with his counsel regarding this plea agreement and the punishment which may be imposed.

The Defendant voluntarily and knowingly waives his right to file pretrial motions, to have a hearing on any such pretrial motion, previously filed or otherwise, and to have a trial on the charges brought against her in this case.

**6. Government's Agreement**

The Defendant agrees to plead guilty to COUNT TWELVE of the Indictment. The Parties further note, pursuant to the provisions of Rule 11(c)(1)(B):

    (A) the Government agrees not to oppose a maximum level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the advisory Sentencing Guidelines;

    (B) the Government agrees not to oppose the Defendant's request that he be sentenced at the low end of the range for the advisory sentencing guidelines as calculated by the United States Probation officer;

    (C) notwithstanding the facts of this case and the application of Section 2K2.1(a)(4)(B) of the Advisory Sentencing Guidelines, in consideration of the Defendant's past and future cooperation, as well as the prompt and efficient resolution of his case, the Government does not oppose the Defendant's request that he NOT be subject to a four (4) level increase as referenced in Section 2K2.1(b)(5) or a four (4) level increase as referenced in Section 2K2.1(b)(6)(B); and

    (D) following sentencing, the Government agrees to dismiss the remaining count(s) naming this Defendant.

The Defendant understands the Court is not obligated to grant the 11(c)(1)(B) recommendations contained in the immediately preceding paragraphs. The Defendant further understands it is within the complete discretion of the Court as to the sentence to be imposed on the Defendant. The Defendant will not be permitted to withdraw his agreement to plead guilty because of the Court's decision in imposing such a sentence. Moreover, the Government reserves the right to advocate in support of the Court's judgment should this case be presented to an appellate court.

Except as expressly stated above, the Defendant and the Government have made no other Rule 11(c)(1)(B) recommendations as to the applicability or inapplicability of any other advisory sentencing guideline provisions, policy statements or sentencing factors; provided, however, the

Government retains all rights to oppose any request for any downward adjustment in the offense level, except as expressly set forth in the immediately preceding sub-paragraphs.

The Defendant understands and agrees nothing in this Plea Agreement shall prohibit the Government from presenting all relevant facts, information and evidence to the United States Probation Office and to the Court. The Defendant understands and agrees, pursuant to U.S.S.G. §6B1.4(d), the District Court may reject any of these Rule11(c)(1)(B) sentencing recommendations in whole or in part. In the event the District Court rejects any Rule 11(c)(1)(B) sentencing recommendation, the Defendant and the United States Attorney shall remain bound by all other terms of this plea agreement.

To the extent the parties have projected sentencing ranges in reliance on the above projections, such estimations are not binding on the parties, on the United States Probation Office, or on the District Court. The Defendant will not be permitted to withdraw his guilty plea if the sentencing ranges as determined by the District Court differ from those projected by the parties or by the Probation Office.

### 7. Reservation of Rights

The Government and Defendant each reserve the right to: (1) bring its version of the facts of this case to the attention of the probation office in connection with that Office's preparation of a presentence report; (2) dispute sentencing factors or facts material to sentencing in the presentence report; and (3) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office. All parties reserve full right of allocution as to the appropriate sentence the Defendant should receive, unless otherwise provided above.

Defendant further understands this agreement binds only the United States Attorney's Office for the Western District of Texas and the Defendant. The Defendant acknowledges his full understanding that by this plea agreement, no representations or agreements have been made or entered into with any other United States Attorney or any other federal or state prosecutor concerning other pending or possible offenses or charges.

This written plea agreement constitutes the entire agreement between the parties and shall not be modified except by agreement in open court or in a supplemental plea agreement signed by all the parties.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

DATE: 09/13, 2012    BY: _____
BETTINA J. RICHARDSON
Assistant United States Attorney

DATE: 9-12, 2012    _____
JEFFREY MULLINER
Attorney for the Defendant

I HAVE READ (OR HAD READ TO ME) THE ABOVE PLEA AGREEMENT IN ITS ENTIRETY AND AGREE TO THE TERMS SET FORTH IN IT. ADDITIONALLY, I HAVE READ (OR HAD READ TO ME) THE FACTUAL BASIS CONTAINED HEREIN AND AGREE TO THE FACTS SET FORTH IN THE FACTUAL BASIS.

DATE: Sept. 12, 2012    _____
PABLO HERNANDEZ RAMOS
Defendant

7